



## STATE OF WEST VIRGINIA
## DEPARTMENT OF REVENUE
## ALCOHOL BEVERAGE CONTROL ADMINISTRATION

900 Pennsylvania Ave., 4th Floor
Charleston, West Virginia 25302



FREDRIC L. WOOTON
COMMISSIONER

DAVE HARDY
CABINET SECRETARY

March 18, 2020

**VIA HAND DELIVERY**
Mac Warner, The Honorable Secretary of State,
Secretary of State's Office – Administrative Law
Bldg. 1, Suite 157-K
1900 Kanawha Blvd. East
Charleston, WV 25305-0770

Re:   West Virginia Code of State Rules
      – Administrative Notice for 175 CSR 4

Dear Secretary of State Warner:

The Honorable Governor of the State of West Virginia, Jim Justice, has declared a State of Emergency on March 16, 2020, to address the emergency created by the worldwide COVID-19 pandemic, or more commonly known as the novel coronavirus.

With surrounding states having confirmed COVID-19 cases and now West Virginia having its first confirmed case, the Governor, in accordance with emergency powers granted to the Governor pursuant to W. Va. Code §15-5-6, and more specifically §15-5-6(c)(7) and as stated in Executive Order No. 2-20 issued on March 18, 2020, the West Virginia Alcohol Beverage Control Administration (WVABCA) at the direction of the Governor seeks to temporarily suspend a wine regulatory statute and rule that would hinder the ability of private clubs, bars and restaurants to provide off-premises food, and also beer and wine beverage, service to the citizens of the State of West Virginia.

As of 12:00 A.M. on March 18, 2020, the Governor directed all bars and restaurants to cease all on-premises consumption of food or drink or occupancy of their licensed premises, other than picking up food or drink for only take-away orders, hereby sets forth the following explanation and directives:

In the best interest of the public health, safety and welfare citizens of the State of West Virginia, the WVABCA hereby advises that pursuant to W. Va. Code §11-16-9(b)(1)(A) and 176 CSR 1 §2.8., that, all Class A licensees (licensees with an on-premises license – all taverns, all private clubs (including fraternal licensees), private wine restaurants licensed for beer sales) licensed under W. Va. Code §11-16-1 *et seq.*, "the Nonintoxicating Beer Act" are authorized to sell nonintoxicating beer at retail for consumption "off" the licensed premises without any change to the West Virginia Code or any amendment of the rules.

Mac Warner, The Honorable Secretary of State,
Secretary of State's Office – Administrative Law
March 18, 2020
Page 2

The sale of such nonintoxicating beer or "beer" for off-premises consumption shall be only in sealed original containers, such as bottles or cans, subject to age and capacity verification, as provided in the act, during the stated hours of operation. This does not authorize beer deliveries by the licensee or third parties to consumers. The West Virginia Code and rules merely permit the sale of beer in sealed original containers, such as sealed bottles or cans, with take-away food orders from Class A licensees who are closed for on-premises consumption of food during the State of Emergency. Beer Growler licensees may continue to sell sealed growlers for off-premises consumption.

Furthermore, in the best interest of the public health, safety and welfare citizens of the State of West Virginia, the Governor, per the State of Emergency and Executive Order 2-20, has directed the WVABCA to temporarily suspend the West Virginia Code of State Rules at 175 CSR 4, specifically §6.6.b., in part, by editing the rule and waiving certain fees and requirements with respect to permissible off-premises wine sales. The temporary suspension of this rule, as noted herein, shall be effective March 18, 2020, and shall endure for the entire period of the State of Emergency which was declared on March 16, 2020 unless earlier terminated.

In accordance with W.Va. Code §60-8-3(j) and (l) and the emergency powers of W. Va. Code §15-5-6(c)(7), the Governor suspends 175 CSR 4 §6.6.b., with strikethroughs indicating stricken language and underscoring indicating new language, as follows:

> 175 CSR 4 §6.6.b. ~~The annual fee for a~~ A private wine restaurant licensee or qualifying private club, that maintains on its premises an appropriate supply of wine to conduct its operations ~~and that selects the option of~~ may sel~~ling~~ sealed, never consumed bottles of wine for off premises consumption to customers who have purchased food or a meal provided that no more than one bottle per each person twenty-one years of age or older, as verified (checking proper identification) by the private wine restaurant or qualifying private club~~, is one hundred dollars ($100), regardless of when the application is filed~~.

Additionally, the sale of wine (which includes hard ciders) by Class A licensees (licensees with an on-premises license – all private clubs (including fraternal licensees) and private wine restaurants) for off-premises consumption shall be only in sealed original containers, such as bottles, boxes or cans, subject to age and capacity verification as provided in Chapter 60, Article 8, the Sale of Wine, during the stated hours of operation from Class A licensees who are closed for the on-premises consumption of food during the State of Emergency.

This does not authorize wine or hard cider deliveries by licensees or third parties to consumers. The suspended and edited rule merely permits the sale of wine or hard cider in sealed original containers, such as sealed bottles, boxes or cans, with take-away food orders from Class A

Mac Warner, The Honorable Secretary of State,
Secretary of State's Office – Administrative Law
March 18, 2020
Page 3

licensees who are closed for on-premises consumption of food during the State of Emergency. Additionally, the off-premises sale of sealed wine bottles, boxes or cans does not apply to private wine restaurants and private clubs that are <u>located in any "dry" areas of the state</u>. If a private wine restaurant or private club is located in a "dry" area then such sales are not permitted by this rule suspension. Wine or hard cider growlers are not permitted under the West Virginia Code.

Lastly, in the best interest of the public health, safety and welfare of the citizens of the State of West Virginia, the WVABCA hereby advises all licensees that per the West Virginia Constitution and West Virginia Code liquor sales from Class A licensed private clubs for off-premises consumption are prohibited. This means no liquor drinks and no liquor bottles may be sold by private clubs or bars for take-away or to-go orders.

The Governor by his emergency powers has not waived or changed any provisions in the West Virginia Constitution pertaining to intoxicating liquors nor any open container provisions in the West Virginia Code.

Note, any licensees that fail to adhere to the Governors Executive Order 2-20 during the State of Emergency could be subject to WVABCA penalties including monetary, immediate suspension in the interest of public health and safety and revocation of the licensee's license, and also other penalties under local and state law, which could include criminal penalties.

If you have any further questions, please feel free to contact the WVABCA at 304-356-5500 or toll free at 800-642-8202, or via email at the appropriate contact noted on the WVABCA's website ( www.abca.wv.gov ).

Sincerely,

/s/ Fredric L. Wooton, Commissioner
WVABCA
900 Pennsylvania Avenue, 4th Floor
Charleston, WV 25302