Emergency Ordinance No. 2020-1

# AN EMERGENCY ORDINANCE DECLARING STATE OF EMERGENCY AND AUTHORIZING RESTRICTIONS ON PUBLIC GATHERINGS TO HELP PREVENT HARM TO THE PUBLIC DURING THE COVID-19 PANDEMIC

WHEREAS, the City Council has authority to address threats to the public health and safety in accordance with West Virginia Code sections 8-12-5 paragraphs 23, 40, and 44; and

WHEREAS, the ongoing COVID-19 Pandemic threatens public health in the City; and

WHEREAS, the only current effective public health measure capable of limiting the spread of the disease is avoiding large gatherings and limiting interactions with others; and

WHEREAS, taking these steps to limit interpersonal interaction has been determined by public health experts to be essential to avoiding a rapid increase in the spread of COVID-19 infections that would be likely to overwhelm available health care resources and limit the ability of the health care system to not only treat victims of COVID-19 but also to treat others with emergent medical needs; and

WHEREAS, City Council finds and determines that it is essential to the public health to establish a public standard for the measures to be taken to limit personal interaction, inhibit the spread of COVID-19, and ensure health care resources are available for the citizens of Morgantown; and

WHEREAS, City Council finds and determines that our surrounding states have established such public standards by limiting public gatherings, limiting certain food and beverage establishments to providing carryout service, and limiting travel by the public during certain hours; and

WHEREAS, the Governor of Pennsylvania has declared a state of emergency and directed nonessential businesses to close; and

WHEREAS, the Governor of Maryland issued an Executive Order on Monday, March 16, 2020, directing the closure of restaurants, bars, movie theaters, and gyms but permitting continued carryout and delivery of food; and

WHEREAS, the Governor of Ohio has declared a state of emergency and issued and executive order on March 9, 2020 directing health officials to adopt guidelines for the conduct of business within the state; and

WHEREAS, City Council finds and determines that these measures employed in surrounding states are effective and necessary means to ensure that all members of the public are protected to the greatest extent practicable from the effects of the ongoing COVID-19 pandemic; and

WHEREAS, effective March 16, 2020, the Governor of the State of West Virginia has declared a state of emergency in all fifty-five West Virginia counties as a result of the COVID-19

01516541.DOCX

pandemic, and on March 17, 2020 Governor Justice ordered all restaurants and bars to offer service by carryout or delivery only; and

WHEREAS, West Virginia Code Chapter 6A, Article 9, Section 3(h) authorizes emergency meetings of the City Council; and

WHEREAS, City Council finds and determines that the COVID-19 pandemic and declared state of emergency constitute an emergency authorizing the conduct of an emergency meeting; and

WHEREAS, West Virginia Code Chapter 8, Article 11, Section 3(d) provides that City Council may enact an emergency ordinance without following the ordinary procedures prescribed by law in the case of a pressing public emergency making action under the ordinary procedure dangerous to the public health, safety or morals, and by affirmative vote of two thirds of the members of Council; and

WHEREAS, the nature of any emergency justifying adoption of an emergency ordinance must be set out in full in the ordinance; and

WHEREAS, the ongoing spread of the COVID-19 pandemic and the threat that the pandemic will deny individuals necessary health care resources if measures are not promptly taken to limit public gatherings and interactions that spread the disease create a pressing public emergency justifying adoption of this emergency ordinance; and

WHEREAS, West Virginia Code Chapter 8, Article 11, Section 2 authorizes delegation of duties by Council to an officer when it would be impracticable to lay down by ordinance for all cases a uniform guide for exercising such discretion; and

WHEREAS, the nature of the COVID-19 pandemic requires discretion to respond to the developing spread of the disease such that discretion to employ the specific emergency measures authorized by this Ordinance must be delegated to an officer of the City;

NOW, THEREFORE, The City of Morgantown hereby ordains the following:

 Article I.  Declaration of Emergency; Authority of City Manager; Implementation of Authority 

SECTION 1.  The Governor of the State of West Virginia declared a state of emergency in all fifty-five counties in West Virginia effective March 16, 2020 due to the ongoing COVID-19 pandemic.

SECTION 2.  The City of Morgantown recognizes the declared state of emergency as effective within the City and hereby declares that such state of emergency shall continue within the City until the declaration of a state of emergency is terminated by the Governor.

SECTION 3.  In accordance with West Virginia Code Chapter 15, Article 5, Section 8, each political subdivision in which any disaster as described in *W. Va. Code* § 15-5-1 occurs shall have the power to enter into contracts and incur obligations necessary to combat such disaster,

protect the health and safety of persons and property and provide emergency assistance to the victims of such disaster. Each political subdivision is authorized to exercise its powers under this section in light of the exigencies of extreme emergency situations without regard to time-consuming procedures and formalities prescribed by law (excepting mandatory constitutional requirements) pertaining to the performance of public work, entry into contracts, incurring of obligations, employment of temporary workers, rental of equipment, purchase of supplies and materials, levying of taxes and appropriation and expenditure of public funds.

SECTION 4.  The City Manager is hereby authorized and directed to exercise these authorities, with the advice and direction of Council, to combat the COVID-19 pandemic giving rise to the above-referenced declaration of a state of emergency by the Governor.

SECTION 5.   During the effective period of this Ordinance, the City Manager is authorized and directed to implement all appropriate and necessary measures authorized by this Ordinance to address the COVID-19 pandemic, consistent with the advice and direction of City Council.

SECTION 6.   Prior to implementing any such authority or authorities, the City Manager shall adopt a written order identifying the authority to be employed and the means to be used in employing the authority, and the written order shall be delivered to each member of City Council, to the City Clerk, who shall keep a record of such order, and shall be made available to the public.

SECTION 7.  The restrictions established by this Ordinance shall apply only upon issuance of a written order of the City Manager pursuant to Section 2 of this Article, and only to the extent stated therein.

### Article II.  Limitation of Community Gatherings

SECTION 1.            PROHIBITED GATHERINGS.

   Public or private Community Gatherings (as defined in Section 2 below) are prohibited anywhere in the City.

SECTION 2.            DEFINITIONS.

   a.            For purposes of these regulations, a "Community Gathering" is any indoor or outdoor event or convening, subject to the exceptions and clarifications below, that brings together or is likely to bring together ten (10) or more persons at the same time in a single room or other single confined or enclosed space, such as an auditorium, theatre, stadium (indoor or outdoor), arena or event center, meeting hall, conference center, large cafeteria, or any other confined indoor or confined outdoor space.

   b.            An outdoor "Community Gathering" under these regulations is limited to events in confined outdoor spaces, which means an outdoor space that (i) is enclosed by a fence, physical barrier, or other structure and (ii) where people are present and they are within arm's length of one another for extended periods.

  c. These regulations also do not prohibit gatherings of people in multiple, separate enclosed spaces in a single building such as a school or office tower, so long as 10 people are not present in any single space at the same time. These regulations also do not prohibit the use of enclosed spaces where 10 or more people may be present at different times during the day, so long as 10 or more people are not present in the space at the same time.

  d. For purposes of clarity, a "Community Gathering" does not include the following so long as visitors are generally not within arm's length of one another for extended periods:

  (i) spaces where 10 or more persons may be in transit or waiting for transit such as airports, bus stations, or terminals;

  (ii) office space, other work spaces, or residential buildings;

  (iii) grocery stores or other retail establishments where large numbers of people are present, but it is unusual for them to be within arm's length of one another for extended periods;

  (iv) hospitals and medical facilities;

  (v) social service agencies providing housing, clothing, food, or medical care, and similar essential services; or

  (vi) buildings or spaces operated by government agencies.

Article III.  Penalty

Any violation of this Ordinance shall be deemed a public nuisance subject to summary abatement by the Chief of Police or other law enforcement officer.  In addition, any violation shall be a misdemeanor punishable by a fine of up to five hundred (500) dollars.  Each day a violation continues shall constitute a separate violation.

This ordinance shall be effective upon adoption and shall lapse without further action ninety (90) days from adoption.

ADOPTED: _____       _____
                                 Mayor

FILED: _____

                                 _____
                                 City Clerk