Emergency Ordinance No. 2020-3

# AN EMERGENCY ORDINANCE CONTINUING THE STATE OF EMERGENCY AND AUTHORIZING PUBLIC HEALTH MEASURES TO PREVENT HARM TO THE PUBLIC DURING THE COVID-19 PANDEMIC

WHEREAS, the City Council has authority to address threats to the public health and safety in accordance with West Virginia Code sections 8-12-5 paragraphs 23, 40, and 44; and

WHEREAS, the ongoing COVID-19 Pandemic threatens public health in the City; and

WHEREAS, effective March 16, 2020, the Governor of the State of West Virginia has declared a state of emergency in all fifty-five West Virginia counties as a result of the COVID-19 pandemic; and

WHEREAS, on March 23, 2020, the Governor of the State of West Virginia issued Executive Order 9-20, denominated the "Stay at Home" Order, ordering citizens to stay at their residences unless an exception permitted travel; and

WHEREAS, avoiding large gatherings and limiting close interactions with others outside our homes, in compliance with guidelines from public health officials and as directed by Executive Order 9-20 issued by the Governor of the State of West Virginia, were initially effective to limit the spread of disease and conserve essential medical resources; and

WHEREAS, taking these steps to limit interpersonal interaction has been determined by public health experts to be essential to avoiding a rapid increase in the spread of COVID-19 infections that would be likely to overwhelm available health care resources and limit the ability of the health care system to not only treat victims of COVID-19 but also to treat others with emergent medical needs; and

WHEREAS, on April 30, 2020, the Governor of the State of West Virginia issued Executive Order 34-20, denominated the "Safer at Home" Order, lifting many of the mandatory restrictions on travel and gatherings in the Stay at Home Order and providing relaxed restrictions for business occupancies and the size of social gatherings;

WHEREAS, the Governor of the State of West Virginia issued guidelines and schedules for the resumption of businesses and other facilities welcoming the public, together with measures intended to limit the further spread of COVID-19 infections as members of the public enter and gather at such businesses and facilities, which measures were denominated "West Virginia Strong: The Comeback"; and

WHEREAS, West Virginia has experienced a substantial increase in the spread of COVID-19 infections since late June and accelerating in early July, and the Governor's office reported on July 8, 2020 that the rate of spread in West Virginia had climbed to the fourth highest in the nation; and

WHEREAS, a disproportionate number of new COVID-19 infections in West Virginia have occurred in Monongalia County, which reported 115 confirmed cases in the week from July 29 to July 5; and

WHEREAS, the upcoming return of students, faculty, and staff of West Virginia University in early August will significantly increase the population and population density of the community, which may lead to increased service needs from the community's public health system, medical professionals, and hospitals; and

WHEREAS, on July 6, 2020, Governor Justice issued Executive Order 50-20, as authorized by West Virginia Code Chapter 15, Article 5, which requires that all individuals age 9 and over within the State of West Virginia shall wear an adequate face covering when in confined, indoor spaces, other than when in one's residence or when actively engaged in the consumption of food and/or beverage, and when not able to adequately social distance from other individuals who do not reside in the same household; and

WHEREAS, Governor Justice has stated that he will consider additional measures instituting specific penalties for violations of the requirement to wear an adequate face covering but has not imposed such measures at the time of the adoption of this Ordinance; and

WHEREAS, West Virginia Code Chapter 15, Article 5, Section 18 provides that "A peace officer, when in uniform or displaying a badge or other insignia of authority, may arrest without a warrant any person violating or attempting to violate in such officer's presence any order, rule or regulation made pursuant to this article. This authority shall be limited to arrest for violations of those orders, rules and regulations which affect the public generally."; and

WHEREAS, as noted in Executive Order 50-20, West Virginia's public health experts have advised that mandating the use of face coverings when in confined indoor spaces is appropriate to combat the spread of COVID-19 infections; and

WHEREAS, national and public health experts also recommend wearing face coverings in public as an important public health measure to prevent the spread of COVID-19 infections; and

WHEREAS, as of June 28, 2020, the United States Centers for Disease Control and Prevention ("CDC") posted a public message on its website indicating that COVID-19 infections mainly spread through airborne respiratory droplets and the wearing face coverings will reduce infections; and

WHEREAS, CDC's full statements reads as follows: "COVID-19 spreads mainly from person to person through respiratory droplets produced when an infected person coughs, sneezes, talks, or raises their voice (e.g., while shouting, chanting, or singing). These droplets can land in the mouths or noses of people who are nearby or possibly be inhaled into the lungs. Recent studies show that a significant portion of individuals with COVID-19 lack symptoms (are "asymptomatic") and that even those who eventually develop symptoms (are "pre-symptomatic") can transmit the virus to others before showing symptoms. To reduce the spread of COVID-19, CDC recommends that people wear cloth face coverings in public settings when around people outside of their household,

especially when other social distancing measures are difficult to maintain." (https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/about-face-coverings.html) (last visited July 9, 2020); and

WHEREAS, City Council finds and determines that public health measures including required face coverings, limitations on the size of group gatherings, and maintaining physical distance among individuals are effective and necessary means to ensure that all members of the public are protected to the greatest extent practicable from the effects of the ongoing COVID-19 pandemic; and

WHEREAS, West Virginia Code Chapter 8, Article 11, Section 3(d) provides that City Council may enact an emergency ordinance without following the ordinary procedures prescribed by law in the case of a pressing public emergency making action under the ordinary procedure dangerous to the public health, safety or morals, and by affirmative vote of two thirds of the members of Council; and

WHEREAS, the nature of any emergency justifying adoption of an emergency ordinance must be set out in full in the ordinance; and

WHEREAS, the ongoing spread of the COVID-19 pandemic and the threat that the pandemic will deny individuals necessary health care resources and increase job and wage losses if measures are not promptly taken to limit public gatherings and interactions that spread the disease as well as to promote safe public interactions with adequate face coverings create a pressing public emergency justifying adoption of this emergency ordinance; and

WHEREAS, West Virginia Code Chapter 8, Article 11, Section 2 authorizes delegation of duties by Council to an officer when it would be impracticable to lay down by ordinance for all cases a uniform guide for exercising such discretion; and

WHEREAS, the nature of the COVID-19 pandemic requires discretion to respond to the developing spread of the disease such that discretion to employ the specific emergency measures authorized by this Ordinance must be delegated to an officer of the City; and

WHEREAS, the ongoing spread of the COVID-19 pandemic and the state and federal guidelines providing for the resumption of public gatherings and reopening of businesses and facilities welcoming the public create a pressing public need to respond to renewed activity by altering local laws and regulations to promote outdoor activity, appropriate face coverings, and physical distancing to limit the further spread of COVID-19 infections, and this pressing public need justifies adoption of this emergency ordinance; and

NOW, THEREFORE, The City of Morgantown hereby ordains the following:

Article I.  Continuation of Declaration of Emergency; Authority of City Manager; Implementation of Authority

SECTION 1.  The Governor of the State of West Virginia declared a state of emergency in all fifty-five counties in West Virginia effective March 16, 2020 due to the ongoing COVID-19 pandemic.  The state of emergency remains in effect as of the date of adoption of this ordinance.

SECTION 2.  The City of Morgantown recognizes the declared state of emergency as effective within the City and hereby declares that such state of emergency shall continue within the City until the declaration of a state of emergency is terminated by the Governor.  The City of Morgantown recognized and declared the state of emergency in the City under Emergency Ordinance 2020-1, which ordinance was made effective for a period of ninety (90) days and the provisions of which would expire without further action.   The City of Morgantown extended the declaration of a state of emergency to September 25, 2020 in Emergency Ordinance No. 2020-2.  The state of emergency in the City and the authorities enacted within Emergency Ordinances 2020-1and 2020-2 are hereby continued in effect until they expire pursuant to the terms of this Ordinance, except as they may be modified or supplemented by this Emergency Ordinance No. 2020-3.

SECTION 3.   In accordance with West Virginia Code Chapter 15, Article 5, Section 8, each political subdivision in which any disaster as described in *W. Va. Code* § 15-5-1 occurs shall have the power to enter into contracts and incur obligations necessary to combat such disaster, protect the health and safety of persons and property and provide emergency assistance to the victims of such disaster. Each political subdivision is authorized to exercise its powers under this section in light of the exigencies of extreme emergency situations without regard to time-consuming procedures and formalities prescribed by law (excepting mandatory constitutional requirements) pertaining to the performance of public work, entry into contracts, incurring of obligations, employment of temporary workers, rental of equipment, purchase of supplies and materials, levying of taxes and appropriation and expenditure of public funds.

SECTION 4.  The City Manager is hereby authorized and directed to exercise these authorities, with the advice and direction of Council, to combat the COVID-19 pandemic giving rise to the above-referenced declaration of a state of emergency by the Governor.

SECTION 5.   During the effective period of this Ordinance, the City Manager is authorized and directed to implement all appropriate and necessary measures authorized by this Ordinance to address the COVID-19 pandemic, consistent with the advice and direction of City Council.

SECTION 6.   Prior to implementing any such authority or authorities, the City Manager shall adopt a written order identifying the authority to be employed and the means to be used in employing the authority, and the written order shall be delivered to each member of City Council, to the City Clerk, who shall keep a record of such order, and shall be made available to the public.

SECTION 7.   The restrictions established by this Ordinance, shall apply only upon issuance of a written order of the City Manager pursuant to Section 6 of this Article, and only to the extent stated

therein; provided that the suspension of inspections adopted in Article IV of this Ordinance shall become effective immediately without action of the City Manager.

Article II.  Required face coverings

SECTION 1.        ADEQUATE FACE COVERING REQUIRED.

(a)        The City Manager may order, pursuant to Article I of this Ordinance, that all individuals age 9 and over within the City of Morgantown shall wear an adequate face covering when in confined, indoor spaces, other than when in one's residence or when actively engaged in the consumption of food and/or beverage, and when not able to adequately social distance from other individuals who do not reside in the same household.  The requirement of this Section 1 shall be construed in a manner consistent with the requirements of Executive Order 50-20 issued by the Governor of the State of West Virginia issued July 6, 2020, except as otherwise expressly provided herein.

(b)        The following individuals are exempt from the requirement to wear adequate face coverings:

(i)        Persons younger than nine years old. Very young children under age two must not wear a face covering because of the risk of suffocation.

(ii) Persons with a medical condition, mental health condition, or disability that prevents wearing a face covering. This includes persons with a medical condition for whom wearing a face covering could obstruct breathing or who are unconscious, incapacitated, or otherwise unable to remove a face covering without assistance.

(iii) Persons who are hearing impaired, or communicating with a person who is hearing impaired, where the ability to see the mouth is essential for communication.

(iv) Persons for whom wearing a face covering would create a risk to the person related to their work, as determined by local, state, or federal regulators or workplace safety guidelines.

(v) Persons who are obtaining a service involving the nose or face for which temporary removal of the face covering is necessary to perform the service.

(vi) Persons who are seated at a restaurant or other establishment that offers food or beverage service, while they are eating or drinking, provided that they are able to maintain a distance of at least six feet away from persons who are not members of the same household or residence.

SECTION 2.        DEFINITIONS.

The following terms shall have the meanings given for purposes of this Article III entitled "Required face coverings":

*Face covering* means any material or device worn so that it fully covers the nose and mouth including cloth masks, bandanas or handkerchiefs, face shields, and dust mask.

*Adequately social distance* means maintaining physical separation of at least six feet between oneself and any other person.

SECTION 3.        PENALTY.

Any violation of this Article II shall be deemed a public nuisance subject to summary abatement by the Chief of Police or other law enforcement officer.  In addition, any violation shall be a misdemeanor punishable by a fine of no less than $25.00 and no more than $500.00.  Each day a violation continues shall constitute a separate violation.

Article III.  Restrictions on outbreak locations.

SECTION 1.  REQUIRED CLOSURES OF OUTBREAK SITES

(a)      Any business that serves the public, that is identified by the Monongalia County Health Department or its agents (the "Health Department") as having three new cases of Covid-19 in staff and/or patrons will be required to close and do a deep clean as prescribed by the Health Department. The location may reopen only following an inspection by the Health Department and authorization to reopen issued by the Health Department.

(b)      At any business where an additional three individuals are diagnosed with Covid-19 after the reopening, the site will again be required to close, undergo another deep cleaning, and be quarantined for 14 days.  The location may reopen only following an inspection by the Health Department and authorization to reopen issued by the Health Department.

(c)      At any business where another three individuals are diagnosed with Covid-19 at the same site, following quarantine and second reopening, then that business will remain closed until such a time as deemed safe by the Health Officer of the Health Department.

SECTION 2.  DEFINITIONS

In this Article, the following terms shall have the meanings given

*Business* or *business that serves the public* means any physical location open to entry by members of the general public, whether activity conducted at the location is undertaken for profit or not for profit and any facility licensed or inspected by the Health Department.

*Health Department* means the Monongalia County Health Department, acting through its duly authorized agents, employees, and officers.

*Health Officer* means the County Health Officer supervising the Health Department, and is intended to have the same meaning as the term defined in *W. Va. Code* § 16-2-2(o).

SECTION 3. PENALTIES

(a) Any person who willfully obstructs a local health officer, public health nurse, sanitarian or any other person charged with enforcement of any public health law, in the performance of that person's legal duties in enforcing the law, is guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not less than $50 and not more than $500.

(b) Any violation of this Article shall be deemed a public nuisance subject to summary abatement by the Chief of Police or other law enforcement officer. In addition, any violation shall be a misdemeanor punishable by a fine of no less than $25.00 and no more than $500.00. Each day a violation continues shall constitute a separate violation.

## Article IV. Severability

To the extent any provision of this Ordinance is found illegal or unenforceable by any court or administrative authority having jurisdiction to make such a determination, the remainder of the Ordinance shall remain in effect and shall be given effect as though the provision found illegal or unenforceable were omitted.

This ordinance shall be effective upon adoption and, except where expressly stated otherwise, shall lapse without further action on December 15, 2020.

ADOPTED: **July 14, 2020**

Mayor

FILED: **July 14, 2020**

City Clerk