Emergency Ordinance No. 2020-5

## AN EMERGENCY ORDINANCE CONTINUING THE STATE OF EMERGENCY AND AUTHORIZING PUBLIC HEALTH MEASURES TO PREVENT HARM TO THE PUBLIC DURING THE COVID-19 PANDEMIC

WHEREAS, the City Council has authority to address threats to the public health and safety in accordance with West Virginia Code sections 8-12-5 paragraphs 23, 40, and 44; and

WHEREAS, the ongoing COVID-19 Pandemic threatens public health in the City; and

WHEREAS, effective March 16, 2020, the Governor of the State of West Virginia has declared a state of emergency in all fifty-five West Virginia counties as a result of the COVID-19 pandemic; and

WHEREAS, on March 23, 2020, the Governor of the State of West Virginia issued Executive Order 9-20, denominated the "Stay at Home" Order, ordering citizens to stay at their residences unless an exception permitted travel; and

WHEREAS, avoiding large gatherings and limiting close interactions with others outside our homes, in compliance with guidelines from public health officials and as directed by Executive Order 9-20 issued by the Governor of the State of West Virginia, were initially effective to limit the spread of disease and conserve essential medical resources; and

WHEREAS, on April 30, 2020, the Governor of the State of West Virginia issued Executive Order 34-20, denominated the "Safer at Home" Order, lifting many of the mandatory restrictions on travel and gatherings in the Stay at Home Order and providing relaxed restrictions for business occupancies and the size of social gatherings;

WHEREAS, the Governor of the State of West Virginia issued guidelines and schedules for the resumption of businesses and other facilities welcoming the public, together with measures intended to limit the further spread of COVID-19 infections as members of the public enter and gather at such businesses and facilities, which measures were denominated "West Virginia Strong: The Comeback"; and

WHEREAS, on July 13, 2020, the Governor of the State of West Virginia issued Executive Order 51-20, which required the closure of fairs and festivals and limited group gatherings to 25 people, except for gathering at essential businesses and operations defined in Executive Order 9-20 and executive orders amending its provisions; and

WHEREAS, on July 14, July 23, August 1, August 13, and August 20, the Governor issued a series of Executive Orders numbers 52-20, 55-20, 58-20, 60, 20, and 62-20, closing and restricting service at bars within Monongalia County; and

WHEREAS, as provided in Executive Order 62-20, the Governor's office issued "Supplemental Protocols for Reopening Monongalia County Bars," on August 19, 2020; and

{01506045.DOCX }

WHEREAS, West Virginia Code Chapter 8, Article 11, Section 3(d) provides that City Council may enact an emergency ordinance without following the ordinary procedures prescribed by law in the case of a pressing public emergency making action under the ordinary procedure dangerous to the public health, safety or morals, and by affirmative vote of two thirds of the members of Council; and

WHEREAS, the nature of any emergency justifying adoption of an emergency ordinance must be set out in full in the ordinance; and

WHEREAS, the ongoing spread of the COVID-19 pandemic and the threat that the pandemic will deny individuals necessary health care resources and increase job and wage losses if measures are not promptly taken to limit public gatherings and interactions that spread the disease as well as to promote safe public interactions with adequate face coverings create a pressing public emergency justifying adoption of this emergency ordinance; and

WHEREAS, West Virginia Code Chapter 8, Article 11, Section 2 authorizes delegation of duties by Council to an officer when it would be impracticable to lay down by ordinance for all cases a uniform guide for exercising such discretion; and

WHEREAS, the nature of the COVID-19 pandemic requires discretion to respond to the developing spread of the disease such that discretion to employ the specific emergency measures authorized by this Ordinance must be delegated to an officer of the City;

WHEREAS, the ongoing spread of the COVID-19 pandemic and the state and federal guidelines providing for the resumption of public gatherings and reopening of businesses and facilities welcoming the public create a pressing public need to respond to renewed activity by altering local laws and regulations to promote outdoor activity, appropriate face coverings, and physical distancing to limit the further spread of COVID-19 infections, and this pressing public need justifies adoption of this emergency ordinance; and

NOW, THEREFORE, The City of Morgantown hereby ordains the following:

### Article I. Continuation of Declaration of Emergency; Authority of City Manager; Implementation of Authority

SECTION 1. The Governor of the State of West Virginia declared a state of emergency in all fifty-five counties in West Virginia effective March 16, 2020 due to the ongoing COVID-19 pandemic. The state of emergency remains in effect as of the date of adoption of this ordinance.

SECTION 2. The City of Morgantown recognizes the declared state of emergency as effective within the City and hereby declares that such state of emergency shall continue within the City until the declaration of a state of emergency is terminated by the Governor. The City of Morgantown recognized and declared the state of emergency in the City under Emergency Ordinance 2020-1, which ordinance was made effective for a period of ninety (90) days and the

provisions of which would expire without further action. The City of Morgantown extended the effective period of the provisions of Emergency Ordinance 2020-1 to September 25, 2020 in Emergency Ordinance No. 2020-2 and again extended the effective dates of the provisions in adopted Emergency Ordinances Nos. 2020-1, -2, and -3 through December 15, 2020 by adopting Emergency Ordinance No. 2020-3. The authorities enacted within Emergency Ordinances 2020-1, 2020-2, 2020-3, and 2020-4 are hereby continued in effect until they expire pursuant to the terms of this Ordinance, except as they may be modified or supplemented by this Emergency Ordinance No. 2020-5.

SECTION 3.  In accordance with West Virginia Code Chapter 15, Article 5, Section 8, each political subdivision in which any disaster as described in *W. Va. Code* § 15-5-1 occurs shall have the power to enter into contracts and incur obligations necessary to combat such disaster, protect the health and safety of persons and property and provide emergency assistance to the victims of such disaster. Each political subdivision is authorized to exercise its powers under this section in light of the exigencies of extreme emergency situations without regard to time-consuming procedures and formalities prescribed by law (excepting mandatory constitutional requirements) pertaining to the performance of public work, entry into contracts, incurring of obligations, employment of temporary workers, rental of equipment, purchase of supplies and materials, levying of taxes and appropriation and expenditure of public funds.

SECTION 4.  The City Manager is hereby authorized and directed to exercise these authorities, with the advice and direction of Council, to combat the COVID-19 pandemic giving rise to the above-referenced declaration of a state of emergency by the Governor.

SECTION 5.  During the effective period of this Ordinance, the City Manager is authorized and directed to implement all appropriate and necessary measures authorized by this Ordinance to address the COVID-19 pandemic, consistent with the advice and direction of City Council.

SECTION 6.  Prior to implementing any such authority or authorities, the City Manager shall adopt a written order identifying the authority to be employed and the means to be used in employing the authority, and the written order shall be delivered to each member of City Council, to the City Clerk, who shall keep a record of such order, and shall be made available to the public.

SECTION 7.  The restrictions established by this Ordinance, shall apply only upon issuance of a written order of the City Manager pursuant to Section 6 of this Article, and only to the extent stated therein.

### Article II.  Limitations on gatherings; operation of bar areas.

SECTION 1.         LIMITATIONS ON GATHERINGS.

The City Manager may order limitations on gatherings consistent with provisions of the Executive Orders of the Governor or of any order of the Monongalia County Board of Health or Monongalia County Health Officer.

SECTION 2.   OCCUPANCY OF BAR AREAS.

The City Manager may order restrictions on the operation of bars and bar areas of restaurants and hotels consistent with provisions of the Executive Orders of the Governor or of any order of the Monongalia County Board of Health or Monongalia County Health Officer.

SECTION 3.  The City Manager is authorized, in addition to the restrictions permitted pursuant to sections 1 and 2 of this Article, to impose such other gathering size limits, including limitations on certain gatherings deemed to create a hazard to public health, and clarifications or limitations on occupancy in restaurants and bars, as are necessary to protect the public health, safety, and welfare.

SECTION 4.   PENALTY.

Any violation of the City Manager's order shall be deemed a public nuisance subject to summary abatement by the Chief of Police or other law enforcement officer.  In addition, any violation shall be a misdemeanor punishable by a fine of up to five hundred (500) dollars.  Each day a violation continues shall constitute a separate violation.

### Article III.  Severability

To the extent any provision of this Ordinance is found illegal or unenforceable by any court or administrative authority having jurisdiction to make such a determination, the remainder of the Ordinance shall remain in effect and shall be given effect as though the provision found illegal or unenforceable were omitted.

This ordinance shall be effective upon adoption and, except where expressly stated otherwise, shall lapse without further action on December 15, 2020.

FIRST READING: **August 18, 2020**

ADOPTED: **September 1, 2020**

FILED: **September 2, 2020**

_____
Mayor

_____
City Clerk

{01506045.DOCX }